IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RES-NV, LLC**, <br><br> Plaintiff, <br><br> vs. <br><br> **Steven R. Rosenberg,** an individual; **Kabbalah, LLC,** a Delaware "Series" limited liability company; **Steven R. Rosenberg**, **Trustee of the Steven R. Rosenberg Living Trust; Naples, LLC,** a Nevada limited liability company, and **Milo Family Limited Partnership**, a Nevada limited partnership of the **PC Residence Trust**; **Venice LLC**, a Nevada limited liability company; and **DOES 1-10.** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> **Case No. 2:13CV00115DAK** <br><br><br> **Judge Dale A. Kimball** |

This matter is before the court on Defendants' motion to transfer venue. The court held a hearing on June 25, 2013. At the hearing, Defendants were represented by Jay Young, and Plaintiff was represented by Michael Gehret. The court took the matter under advisement. The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

**BACKGROUND**

Plaintiff alleges that Defendant Steven Rosenberg ("Rosenberg") fraudulently transferred cash, vehicles, watercraft, and a home in order to defraud his creditors. Rosenberg transferred

these items to various entities that are named as the other Defendants in this action. Rosenberg allegedly controls each of these entities.

Defendants assert that only one of the transfers took place in Utah, a transfer of a small sum of money, and all others took place in Nevada or California. Plaintiff contends two transfers took place in Utah, the small sum of money acknowledged by Defendants and Rosenberg's Park City home.

There is a dispute as to whether Rosenberg currently resides in Nevada or Utah. Defendants state that Rosenberg is a resident of Nevada as demonstrated by a single room lease he executed with his ex-wife one week after this case was filed in Utah. Plaintiff states that Rosenberg is a resident of Utah because he was found and served at his Park City home in 2012 with an order requiring him to appear for a debtor's exam in Utah. Plaintiff further states that during Rosenberg's debtor's exam in October 2012, he confirmed that he lived in Utah and had mail forwarded to him from Nevada.

There is also a dispute as to where the relevant documents are located. Defendants state that all of the relevant documents are located in Nevada because that is where Rosenberg resides and where most of the transactions took place. Conversely, Plaintiff maintains that a majority of relevant documents are located in Utah because during Rosenberg's debtor's exam he presented many of the relevant documents that will be used by Plaintiff in support of its claims.

Both parties also dispute where relevant witnesses of this action are located. Defendants argue all of the witnesses who will be required to testify are located in Nevada. Defendants only identify Rosenberg (whose residence is in dispute) and Rosenberg's CPA, legal counsel, and bankers as potential witnesses. Although it is undisputed that some transfers also occurred in Utah and California, Defendants do not claim that any witnesses reside in those states. Prior to

initial disclosures, it is unclear how many relevant witnesses each side will name and where they are located.

It is undisputed that many of the assets of Rosenberg's alleged transfers are located in Utah. His vehicles are titled in Utah and located at his Park City home, and his watercraft are located in Utah.

## DISCUSSION

### Motion to Transfer Venue

Defendants argue that venue should be transferred to the District of Nevada, pursuant to 28 U.S.C. § 1404(a), because it is a more convenient forum to adjudicate this matter. Section 1404 (a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, in a motion to transfer venue, the moving party must clearly establish that: (1) the transferee court is a proper forum in which the action could have been brought originally; and (2) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 634 (1964); *See also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). The decision of whether to transfer an action is within the discretion of the trial court. *Wm. A. Smith Contracting Co., Inc., v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

First, in order to prevail on a motion to transfer venue under 28 U.S.C. § 1404(a), the moving party must establish that the plaintiff could have properly filed the action in the proposed venue. A moving party must demonstrate that the transferor court is not only the proper venue, but would have personal jurisdiction over all the parties to the action. *Chysler Credit Corp. v.*

*County Chysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A district court has original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.

In this case, Plaintiffs could have brought this action in the United States District Court for the District of Nevada because (1) Plaintiff is domiciled in Florida and Defendants are domiciled in Delaware and Nevada, and (2) the amount in controversy regarding the transfers clearly exceeds the amount required. Based on the allegations of the Complaint, Nevada would have original jurisdiction over Plaintiff's action.

Second, Defendants argue the District of Nevada is the more appropriate forum because it is a more convenient forum for this controversy. The moving party in a motion to transfer has the burden of demonstrating that the existing forum is inconvenient and that the transferee forum is more convenient. *Chrysler Credit Corp.*, 928 F.2d at 1515. The United States Supreme Court has held that "[s]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 646.

In evaluating a motion under Section 1404(a), the Tenth Circuit has established a number of factors for district courts to evaluate: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses; (3) the cost of making the necessary proof; (4) the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and

economical. *Chrysler Credit Corp.*, 928 F.2d at 1516 (*quoting Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

There are several factors that are not at issue. In particular, Defendants have not identified any obstacles to a fair trial in Utah. Defendants have also not raised any issues concerning the enforceability of judgment if one is obtained.[1] Finally, Defendants have not asserted any concerns with the advantage of having a local court determine questions of local law.

In addition, both parties contend their respective choice of venue offers a less congested docket and would more easily resolve conflict of law questions. However, the court concludes that these arguments do not weigh in favor of either party.

### A. *Plaintiff's Choice of Forum*

A plaintiff's choice of forum should rarely be disturbed, "unless the balance [of factors] is strongly in favor of the movant." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). However, "a plaintiff's choice of forum is afforded less deference when their choice of forum 'has little connection with the operative facts of the lawsuit'." *Tyson v. Pitney Bowes Long-Term Disability* Plan, 2007 WL 4365332 (D.N.J. Dec. 11, 2007) (*quoting Tischio v. Bontex.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998).

This factor weighs against transfer to Nevada. Plaintiff has chosen Utah as the forum to adjudicate this action. Moreover, Utah has a connection to the operative facts of the lawsuit

---

[1] Defendants do not raise enforceability of a judgment as an issue or assert that it weighs in favor of transferring venue to Nevada. However, Plaintiff raises this issue in opposition to transferring venue, arguing that it weighs against transfer to Nevada. Plaintiff asserts it is seeking injunctive relief to prevent further transfer or disposal of the assets at issue, as well as a levy of execution on the assets toward satisfaction of a judgment. Because the assets of the alleged transfers are located in Utah, Plaintiffs will have an easier time executing on a judgment and enforcing an injunction with respect to the property in Utah. Because this court is in the best position to afford Plaintiff relief, this factor weighs in favor of keeping the case in Utah.

5

because it is undisputed that at least one transfer occurred in Utah and many of Rosenberg's assets from the alleged fraudulent transfers are located in Utah.

### B. *Accessibility of Witnesses and Sources of Proof*

The accessibility of witnesses and sources of proof weighs against transfer. The convenience of witnesses is the most important factor in deciding a motion under § 1404(a). *Cook v. Atchison, Topeka & Santa Fe. Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993). To demonstrate a venue is inconvenient to witnesses, the movant must "(1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (*quoting Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

Defendants allege that all the witnesses are Nevada residents. However, Defendants do not make clear what witnesses will be required to testify other than Rosenberg (whose residence is in dispute) and Rosenberg's CPA, legal council, and bankers at the time of the transfers. Because it is undisputed that transfers also occurred in Utah and California, it is not clear that the Nevada witnesses identified by Defendants are the only relevant witnesses. Moreover, Defendants have not indicated that these Nevada witnesses are unwilling to come to trial or that deposing these witnesses would be unsatisfactory.

In addition, both parties dispute the location of documents that will be used as sources of proof. There is evidence that the documents are in both Nevada and Utah. If the documents are available in both states, there is no advantage gained in transferring the case to Nevada.

Moreover, as a result of transfers occurring in Utah, California and Nevada, it is possible that relevant evidence will be in all three states.

Although Defendants have established that there may be more witnesses located in Nevada than California or Utah, Defendants have not established that the accessibility of witnesses and sources of proof weigh in favor of transfer to Nevada.

### C. *Costs of Making the Necessary Proof*

The cost of making the necessary proof does not favor transfer. Defendants contend that because witnesses to the transfers, documents regarding the alleged transfer, and all other evidence and facts legally relevant to the case are located in Nevada, it would be a less expensive forum than Utah to adjudicate the matter. But Defendants have not identified witnesses with specificity and have not demonstrated that all relevant facts and evidence are centered in Nevada. As previously mentioned, the location of relevant documents is disputed and the location of all relevant witnesses is not known. Thus, Defendants have not established that litigating this case in Utah will increase costs to such a degree as to justify a transfer.

### D. *Conflict of Laws*

Conflict of laws do not favor transfer to Nevada. Defendants argue that in a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010) (citing *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567-68 (10th Cir. 1978)). Defendants assert Nevada provides the governing law because that is where the transfers largely took place. This argument is unconvincing because, as explained more fully below, an action may be brought where a substantial part of the events

occurred or where property that is the subject of the action is located. *See* 28 U.S.C. § 1391(b)(2).

### E. *Other Considerations of a Practical Nature*

Other considerations of a practical nature do not favor transfer. "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Defendants assert that Nevada is a more appropriate forum because a substantial part of the events giving rise to the claim occurred there; namely, a substantial portion of the alleged fraudulent transfers. However, this argument does not support venue in Nevada over Utah because venue is equally proper where a substantial part of the property that is subject to the action is located. It is undisputed that many of Rosenberg's assets from the alleged fraudulent transfers are located in Utah (i.e. his watercraft, vehicles, and home).

Defendants further argue that some courts have determined the choice of law applicable to a fraudulent conveyance action is determined where the transfers originated. *In re Kaiser Steel Corp.* 87 B.R. 154, 159-160 (Bankr. D. Colo. 1988). However, *Kaiser Steel* merely states that in order to determine which state's substantive law should govern fraudulent conveyance claims, some states have adopted the Restatement's "most significant relationship" standard, which states that the most significant relationship or most significant contacts to the transactions should be considered in determining which substantive law should govern. *Id.* at 159. Although the transfers do have a significant relationship to Nevada because several of the transfers occurred there, the transfers also have a significant relationship to Utah because that is where several assets of the transfers are located. Consequently, the case law cited by Defendants does not establish that Nevada is favored over Utah.

After reviewing all the relevant factors, the court concludes that Defendants have not established that a change of venue is justified under 28 U.S.C. § 1404(a).

## CONCLUSION

Based on the above reasoning, Defendants' Motion to Transfer Venue is DENIED.

DATED this 11th day of July, 2013.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE