IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RES-NV CHLV, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>STEVEN R. ROSENBERG, ET AL.,<br><br>                Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:13CV115DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion to Strike Paragraphs of the Declaration of Michael Strickland. On October 22, 2014, the court held a hearing on the motions. At the hearing, Plaintiff was represented by Timothy J. Dance, and Defendant was represented by Korey D. Rasmussen. Having fully considered the memoranda submitted by the parties and the facts and law relevant to these motions, the court enters the following Memorandum Decision and Order.

       The court begins its analysis with Defendants' Motion to Strike Paragraphs of the Declaration of Michael Strickland. Defendants seek to strike paragraphs 4 through 14 of the declaration and paragraphs 2 through 12 of Plaintiff's summary judgment fact section, arguing that the declaration fails to provide the requisite foundation and cites to documents that are not in the record. Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing

1

to particular parts of materials in the record." Plaintiff cites to several documents, such as the loan agreement, note, trust deed, and loan amendment, that are not in the record. Plaintiff alleges that it is not required to attach these types of documents to Strickland's declaration because Defendants have admitted to their existence and Rule 56(c) does not require documents referred to in a declaration to be attached.

First, Defendants may have admitted to the existence of the documents, but that did not place the documents in the record. The parties agree that the documents speak for themselves. Agreeing that a document speaks for itself, however, does not provide foundation for a document or place it in the record. In addition, because the documents have not been placed in the record, the court has no ability to verify the information contained in the documents. *See Powell v. COBE Laoratories, Inc.*, 208 F.3d 227, *6 (10th Cir. 2000) (unpublished decision) (mere reference to a document does not place it in record and does not give court access to language of document).

Second, pursuant to Rule 56(c), the documents must be in the record to support summary judgment. Plaintiff cites to language that does not require a document that is already a part of the record to be attached again to a declaration that references such documents. The Advisory Committee Notes to Rule 56 explain that the prior requirement to attach documents was removed because it was redundant to attach a document already in the record. The change in the rule did not do away with the general notion that summary judgment can only be supported by materials in the record. The Committee Notes make this clear: "[m]aterials that are not yet in the record–including materials referred to in an affidavit or declaration–must be placed in the record."

Moreover, Strickland's declaration does not provide adequate information to lay a foundation for the documents. Strickland's declaration states only his job title and the conclusory statement that he has knowledge of the information in his declaration. Strickland's declaration does not explain the duties associated with Strickland's job title or provide any background information identifying how Strickland would have personal knowledge of any of the facts relevant to this dispute. Plaintiff explained some of Strickland's duties and involvement in the case at oral argument on the motion, but that information is not in the declaration and not information that could be commonly known. Plaintiff must include this type of information in the declaration because it is necessary to lay an adequate foundation for the documents and facts Plaintiff seeks to provide the court through Strickland.

Because of the deficiencies in the Strickland declaration, the court grants Defendants' Motion to Strike. However, the court strikes the material without prejudice. Plaintiff may re-submit a new declaration of Michael Strickland within thirty days of the date of this Order. The court will keep Plaintiff's Motion for Partial Summary Judgment under advisement during that time. The information contained in the stricken paragraphs relates too closely with the issues of timing and intent relevant to the Motion for Partial Summary Judgment to allow the court to rule on that motion before the deficiencies in the declaration are cured. After Plaintiff submits the amended declaration, the court will issue its ruling on the Motion for Partial Summary Judgment as soon as practicable.

## CONCLUSION

Based on the above reasoning, Defendants' Motion to Strike is GRANTED without prejudice. Plaintiff shall submit an amended Declaration of Michael Strickland within thirty

days of the date of this Order. Plaintiff's Motion for Partial Summary Judgment will remain under advisement during that time.

DATED this 20th day of November, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge