IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RES-NV CHLV, LLC,**<br><br>            Plaintiff,<br><br>v.<br><br>**STEVEN R. ROSENBERG, ET AL.,**<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13CV115DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion to Strike Paragraphs of the Declaration of Michael Strickland. On October 22, 2014, the court held a hearing on the motions. At the hearing, Plaintiff was represented by Timothy J. Dance, and Defendant was represented by Korey D. Rasmussen. On November 20, 2014, the court granted Defendants' Motion to Strike without prejudice and allowed Plaintiff to file an amended Declaration of Michael Strickland. Plaintiff filed an amended Declaration of Michael Strickland on December 17, 2014. Defendant filed a response to the amended declaration on January 28, 2015, renewing its request to strike several paragraphs of the amended declaration. Having fully considered the memoranda submitted by the parties and the facts and law relevant to these motions, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff is a creditor of Defendant Steven Rosenberg ("Rosenberg"). On January 12, 2012, Plaintiff obtained a default judgment against Rosenberg in a deficiency judgment action for

$2,295,846.18, plus interest accruing at the statutory rate, in the United States District court for the District of Nevada. Rosenberg moved to Summit County, Utah, and on June 13, 2012, Plaintiff registered the judgment in this district. Plaintiff then brought this action alleging that Rosenberg fraudulently transferred cash, vehicles, and a home to the other Defendant entities in an attempt to defraud his creditors. Plaintiff contends the other Defendant entities are Rosenberg's alter egos or controlled by him.

Between 2010 and 2012, Rosenberg defaulted on several of his loan and guaranty obligations. During those years, Rosenberg had at least 15 judgments entered against him in the total amount of $33,110,832.23, plus accruing fees and interest.

During the same time frame, Rosenberg made several transfers to other entities. On December 31, 2010, Rosenberg transferred $1,210,176 to Kabbalah. On May 24, 2012, Rosenberg transferred $30,000 to Kabbalah. On July 3, 3012, Rosenberg transferred $40,000 to Kaballah. In September 2012, Rosenberg transferred $15,000 to the SRR Trust.

Rosenberg is the Trustee of the SRR Trust. Kaballah is a limited liability company for which the SRR Trust is the sole member. Naples is the manager of Kaballah LLC. Rosenberg is the beneficiary of the M&H Nevada Onshore Trust, which is the sole member of Naples. Plaintiff contends that Rosenberg created Kaballah, Naples, and the SRR Trust and such entities are his alter ego.

Rosenberg has never been indebted to Kaballah or the SRR Trust. At the time of the transfers, no new loan or note was executed between Rosenberg and the entity and no consideration was exchanged or received. In addition, at this time, Rosenberg had judgments against him that exceeded the amount of these funds. However, after the transfers, Rosenberg

retained control of the funds.

## DISCUSSION

### Defendants' Renewed Motion to Strike

After Plaintiff filed an amended Declaration of Michael Strickland, Defendants' renewed their Motion to Strike several paragraphs of the Declaration of Michael Strickland. However, the court concludes that the amended declaration is sufficient. Plaintiff has provided adequate information with respect to Strickland's job duties and involvement in the case to provide a foundation for his knowledge. Furthermore, Plaintiff has attached relevant documents to the declaration which are now in evidence before the court. Defendants' objection to Plaintiff's use of the term business records is not a basis for excluding or striking evidence. Moreover, with respect to several paragraphs, Defendants seek to strike evidence based on an objection to the term "business records," when the relevant documents, such as assignments and judgments, are attached as evidence. The court, therefore, denies Defendants' renewed Motion to Strike.

### Plaintiff's Motion for Partial Summary Judgment

Plaintiff seeks partial summary judgment that Rosenberg's transfers are fraudulent under the Utah Fraudulent Transfer Act ("UFTA"). Plaintiff argues that it is entitled to judgment as a matter of law on its Third, Fourth, Seventh, and Eighth causes of action because the undisputed facts demonstrate that: (1) Rosenberg made the transfers with the intent to hinder, delay, or defraud Plaintiff after its claims arose and it sought to satisfy its judgment, and (2) either no consideration was exchanged, or the consideration received by Rosenberg was not of reasonably equivalent value, and the transfer was made when Rosenberg was insolvent.

Plaintiff's arguments track the two avenues available for finding a fraudulent transfer

under the UFTA. "Section 25-6-5 provides that the debtor's actual intent may be determinative in establishing whether a transfer is fraudulent under the UFTA. Under Section 25-6-6, the debtor's actual intent is irrelevant and the focus is on whether the debtor received "reasonable equivalent value" for the transferred properties and whether the debtor is 'insolvent at the time or became insolvent as a result of the transfer.'" *Tolle v. Fenley*, 132 P.3d 63, 68 (Utah Ct. App. 2006).

**A.  Utah Code Annotated Section 25-6-5(1)(a)**

In order to establish a claim under Section 25-6-5(1)(a) of the UFTA, a creditor must show that a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor."

Under Utah law, "[a]ctual fraud is never presumed, but instead must be established by clear and convincing evidence." *Territorial Sav. & Loan Ass'n v. Baird*, 781 P.2d 452, 462 (Utah Ct. App. 1989). "Fraudulent intent is ordinarily considered a question of fact and "may be inferred from the presence of certain indicia of fraud or 'badges of fraud.'" *Id.* (citations omitted). "'Badges of fraud are said to be facts which throw suspicion on a transaction, and which call for an explanation . . . More simply stated, they are signs or marks of fraud.'" *Id.* (citations omitted).

Utah Code Annotated Section 25-6-5(2) outlines eleven badges of fraud that are considered evidence from which actual fraud can be inferred:

> The transfer or obligation was to an insider; (b) the debtor retained

>possession or control of the property transferred after the transfer; (c) the transfer or obligation was undisclosed or concealed; (d) before the transfer was made or obligation incurred, the debtor had been sued or threatened with suit; (e) the transfer was of substantially all the debtor's assets; (f) the debtor absconded; (g) the debtor removed or concealed or assets; (h) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation incurred; (j) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (k) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

In *Tolle v. Fenley*, 132 P.3d 63, 69 (Utah Ct. App. 2006), the court affirmed the lower court's finding of an actual intent to defraud where the underlying facts implicated five of the badges of fraud. In that case, the court found that "actual intent could be inferred from" the facts that "the transfer was made to insiders," the debtor "retained control over the property after the transfer," the debtor "had been threatened with suit prior to the transfer," "the transfer consisted of all or substantially all" of the debtor's assets, and "there was no consideration" for the exchange. *Id*.

In this case, Defendants argue that questions of fact preclude summary judgment on whether Rosenberg's transfers constitute actual fraud. Defendants argue that there is no direct evidence of Rosenberg's actual intent in this case. Defendants contend that Rosenberg acted in good faith, he invested in Kaballah for the prospect of future returns, he has actually had some returns on his investment that have allowed him to pay some expenses, and he received sufficient consideration for his investment. Defendants also argue that the transfers took place before Plaintiff's debt arose, there are material facts in dispute as to whether and when Rosenberg was

insolvent, and the source of the funds for three of the transfers was Rosenberg's qualified retirement accounts which are not subject to collection.

However, similar to *Tolle*, this case contains substantial undisputed evidence of the badges of fraud to support a finding as a matter of law that Rosenberg acted with actual intent to defraud Plaintiff when he made his transfers. The transfers to Kaballah and SRR Trust were to insiders because the entities are wholly controlled by Rosenberg. Rosenberg continues to control the funds and can take distributions at his discretion.

There is no evidence that Rosenberg received reasonable equivalent value from Kaballah or the SRR Trust in exchange for the transfers. Rosenberg was not indebted to Kabbalah or the SRR Trust, he did not execute a new loan or note with either entity, and no consideration was exchanged between Rosenberg and Kaballah and/or the SRR Trust. Rosenberg does not provide the terms of the contribution/investment and later states that it was an undocumented investment with an uncertain rate of return. The distributions actually are made to Rosenberg through the SRR Trust, not Kaballah. After the transfers, Rosenberg retained complete control of these funds. This type of scheme is exactly what the Utah Fraudulent Transfer Act was designed to prevent—a defendant maintaining complete control over an asset for his own benefit and out of the reach of creditors.

Rosenberg did not inform Plaintiff of the transfers and the transfers occurred after Plaintiff's claim against Rosenberg arose. Rosenberg was insolvent at the time of the transfers as evidenced by the number of judgments entered against him during that time period and his inability to make payment on the Judgment. The funds transferred constituted all or substantially all of Rosenberg's assets at the time of the transfers.

While the court recognizes that the existence of fraudulent intent is a factual question, Defendants have produced no evidence to support their conclusory allegations that Rosenberg's transfers were in good faith. Defendants question the timing of the transfers but appear to do so only on the presumption that the court will not consider the evidence of the other judgments that were entered against Rosenberg. Plaintiffs have produced evidence of the badges of fraud, whereas Defendants have provided only assertions of good faith. The court, therefore, concludes that this is an instance in which the court can find a fraudulent transfer as a matter of law.

Accordingly, based on the evidence in the record, the court concludes that Plaintiff is entitled to judgment as a matter of law under Utah Code Annotated Section 25-6-5(1)(a) and an order voiding the transfers and authorizing it to attach the funds in satisfaction of its Judgment.

**B. Utah Code Annotated Section 25-6-6(1)**

Under Utah Code Annotated Section 25-6-6(1), a creditor must show that (1) a transfer was made or an obligation was incurred by a debtor after a creditor's claim arose, (2) the debtor did not receive reasonable equivalent value in exchange for the transfer or obligation, and (3) the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer. Under this section, intent is irrelevant. *Tolle*, 132 P.3d at 68.

In this case, Rosenberg's transfers were made after the default and foreclosure of the loan Rosenberg personally guaranteed. The evidence of multiple judgments against Rosenberg further demonstrates that Rosenberg was not paying his obligations and liabilities as they became due. Moreover, this court is not in a position to reconsider the propriety of the Nevada court's Judgment.

Rosenberg did not receive any consideration from the transferees in exchange for the

transfers and has not provided the court with any evidence of the value he received. Rosenberg has offered no evidence as to the terms of the investment, the risk, or the method for determining distributions. There is also no evidence of any indebtedness or loans between Rosenberg and any of the entities. Rosenberg retained full control of all the money throughout the transfer and took distributions at his own discretion. That type of control does not constitute an investment for value. It demonstrates only an ability to shelter money until such money is needed to pay expenses.

In addition, Rosenberg claims that the funds withdrawn from his retirement accounts retain their exemption when they are placed into his personal bank account. However, this argument is contrary to law. Once funds are withdrawn and held by the person, they are no longer payable to him and they lose their protection. *Tenneco Inc. v. First Va. Bank of Tidewater*, 698 F.2d 688, 690-91 (4th Cir. 1983).

The court concludes that Rosenberg's transfers of funds were also fraudulent under Utah Code Annotated Section 25-6-6(1) as a matter of law. Again, Defendants have provided arguments but no evidence to rebut Plaintiff's evidence of fraudulent transfers. Accordingly, Plaintiff is entitled to avoid the transfers and attach the funds in satisfaction of its Judgment.

## CONCLUSION

Based on the above reasoning, Defendants' renewed Motion to Strike is DENIED and Plaintiff's Motion for Partial Summary Judgment is GRANTED. The court concludes that Rosenberg's transfers were fraudulent as a matter of law under Utah Code Annotated Sections 25-6-5(1) and 25-6-6(1), and Plaintiff is entitled to avoid the transfers and attach such funds for satisfaction of its Judgment.

DATED this 2d day of February, 2015.

                                                  DALE A. KIMBALL
                                                  United States District Judge